**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSH BAIR, | : | Civil No. 1:26-CV-00102 |
| Plaintiff, | : | |
| v. | : | |
| JESSE SNYDER, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Plaintiff, Josh Bair ("Bair"), brings this civil-rights action against Pennsylvania State Trooper Jesse Snyder ("Trooper Snyder") and five John Doe troopers ("Doe Troopers"). Trooper Snyder moves to dismiss Bair's complaint under Federal Rules of Civil Procedure 8 and 12(b)(6). For the reasons that follow, the court will deny the motion.

**BACKGROUND**

On January 18, 2024, a fire engulfed a retail store near Bair's residence. (Doc. 1, ¶ 5.) Bair tried to assist his neighbor until firefighters showed up. (*Id.* ¶ 6.) Firefighters instructed Bair not to enter the burning building, and Bair allegedly complied. (*Id.* ¶¶ 6–7.) Thereafter, Trooper Snyder and the Doe Troopers arrived. (*Id.* ¶ 8.) They allegedly proceeded to falsely accuse "Bair of engaging in a physical altercation with firefighters." (*Id.*) Then, Bair alleges, Trooper Synder and the Doe Troopers "forcefully and maliciously assaulted" Bair

"without provocation." (*Id.* ¶ 9.) The beating allegedly involved the troopers "repeatedly punching [Bair], kicking him, and slamming his head against a brick wall." (*Id.*) None of the troopers allegedly tried "to prevent or interrupt" the beating. (*Id.* ¶ 10.) As a result of the alleged assault, Bair claims to suffer from "severe and permanent injuries." (*Id.* ¶ 11.)

Bair filed the instant lawsuit on January 16, 2026. He asserts five claims against all of the Defendants: (1) a § 1983 excessive-force claim; (2) a § 1983 failure-to-intervene claim; (3) assault; (4) battery; and (5) intentional infliction of emotional distress.[1] (*Id.* ¶¶ 19–32.)

Trooper Snyder moved to dismiss the complaint on March 30, 2026, and contemporaneously filed a brief in support. (Docs. 13 & 14.) Bair timely filed a brief in opposition on April 27, 2026. (Doc. 18.) Trooper Snyder did not file a reply brief. The motion to dismiss is ripe for resolution.

## JURISDICTION

This court has subject matter jurisdiction over Bair's § 1983 claims pursuant to 28 U.S.C. §§ 1331, 1343, and over his state-law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

[1] Bair's complaint also alleges that Defendants deprived him of his rights under the First, Eighth, and Fourteenth Amendments. (Doc. 1, ¶ 17.) Trooper Snyder's motion, however, reports that "the [p]arties have agreed to dismiss" any claims under those amendments the complaint may state. (Doc. 13, p. 1. n.1.) No stipulation to that effect has yet been filed.

## STANDARD OF REVIEW

A complaint must include, among other elements, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *Larsen v. State Emps.' Ret. Sys.*, 553 F. Supp. 2d 403, 408 (M.D. Pa. 2008). In order "[t]o survive [such] a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365

(3d Cir. 2012) *abrogated on other grounds as recognized in Mack v. Yost*, 968 F.3d 311, 319 n. 7 (3rd Cir. 2020).

## DISCUSSION

Trooper Snyder argues the complaint should be dismissed for two reasons. First, he contends that Bair has failed to properly plead his § 1983 claims. Second, he claims that Pennsylvania's sovereign immunity shields him from Bair's state-law claims. The court considers these arguments *seriatim*.

### A. Sufficiency of Bair's Pleading

Trooper Snyder identifies two purported pleading deficiencies with respect to Bair's § 1983 claims. First, he contends that the complaint alleges that "Defendants" took actions without specifying what actions each Defendant specifically took. (Doc. 14, pp. 5–6.)[2] In essence, Trooper Synder is arguing that the complaint employs impermissible group pleading. (*See id.*)

In general, Rule 8 does not permit group pleading, which "occurs when a complaint" levels allegations and claims against defendants as a group yet "fails to specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim[s] [are] brought against." *Douglas v. County of Atlantic*, No. 25-cv-4094, 2026 WL 1493805, at *5 (D.N.J. May 28, 2026) (quoting *Love v. Borough of Milltown*, No. 25-cv-13816, 2026 WL 1146159, at *5

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

(D.N.J. Apr. 28, 2026)). Group pleading is particularly problematic when "a complaint names" many defendants "who occupied different positions and had distinct roles in the alleged misconduct." *Al Ummah Cmty. Ctr. v. Teaneck*, No. 20-cv-14181, 2022 WL 16948812, at *9 (D.N.J. Nov. 15, 2022). In those circumstances, group pleading fails to put defendants and the court on notice as to who is allegedly responsible for what action, *see id.*, and thus violates Rule 8(a), *Muhammed v. Weis*, No. 08-cv-3616, 2009 WL 637112, at *2 (E.D. Pa. Mar. 11, 2009).

This does not mean, however, that a complaint may not contain "overlapping allegations" against multiple defendants. *Watson v. Mercer County*, No. 23-cv-23318, 2026 WL 562790, at *9 (D.N.J. Feb. 27, 2026). Indeed, "a plaintiff may permissibly allege that multiple defendants undertook the same action." *Id.* The ultimate question is whether the group allegations, "when read in the context of other specific allegations, [are] sufficient to put a defendant on notice that the group[] allegation[s] [are] brought, at least in part, against the specific defendant." *Douglas*, 2026 WL 1493805, at *5 (quoting *Kong v. Johnson & Johnson*, No. 23-cv-3091, 2024 WL 1640996, at *5 (D.N.J. Apr. 15, 2024)).

Bair's complaint does not run afoul of Rule 8(a). Although the complaint relies on group pleading at certain points, *see, e.g.*, Doc. 1, ¶¶ 22, 24, 28, 29, the allegations against Trooper Snyder and the Doe Troopers are anything but vague.

Bair alleges that Trooper Snyder and the Doe Troopers *together* "repeatedly punch[ed] him, kick[ed] him, and slamm[ed] his head against a brick wall." (*Id.* ¶ 9.) He also alleges that *none* of them intervened to stop the alleged abuse. (*Id.* ¶ 10.) Based on these allegations, it is clear that Bair brings all of his claims against all of the Defendants. There is no confusion about who participated in the alleged wrongdoing or what each person's role was. Accordingly, the complaint does not violate Rule 8, because each of the Defendants are put on notice about the claims against them and the factual basis for the claims.[3]

The second supposed deficiency, according to Trooper Snyder, is that the complaint fails to allege his personal involvement in the alleged deprivation of Bair's constitutional rights. Trooper Snyder is correct that § 1983 liability can be predicated only on a defendant's "personal involvement in the alleged wrongdoing." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). He is incorrect, however, that the complaint does not allege his personal involvement. In fact, the complaint could not be clearer: It alleges that "[Trooper] Snyder and the Doe [Troopers], without provocation, forcefully and maliciously assaulted . . . Bair by repeatedly

[3] Trooper Snyder also argues that the complaint is deficient because it contains "no specific factual allegations against only [himself]." (Doc. 14, p. 5 (emphasis deleted).) Bair's complaint need not make such individualized allegations to be sufficient given the nature of the factual allegations in this case.

punching him, kicking him, and slamming his head against a brick wall." (Doc. 1, ¶ 9.) So, too, the complaint alleges that "none of the [D]efendants made any attempt to prevent or interrupt the assault." (*Id.* ¶ 10.) These allegations make plain that Bair adequately pleaded Trooper Snyder's personal involvement in both the alleged excessive-force claim and the failure-to-intervene claim. Accordingly, the court will not dismiss Bair's § 1983 claims.

**B. Sovereign Immunity**

In addition to the Commonwealth itself, Pennsylvania's sovereign immunity extends by statute to "its officials and employees acting with the scope of their duties." 1 Pa. Cons. Stat § 2310. As the statute suggests, "sovereign immunity does not apply when a Commonwealth employee acts outside the scope of his or her employment." *Forlina v. Doe*, No. 16-cv-2696, 2019 WL 5188400, at *7 (E.D. Pa. Oct. 11, 2019). It also does not apply if a claim for damages is based on any of ten acts enumerated in 42 Pa. Cons. Stat. § 8522(b). Pennsylvania has waived its sovereign immunity in those instances. These two limitations—the "scope of duties" limitation and the waiver statute—represent "the two ways" that Bair's state-law claims may "overcome sovereign immunity." *Sarin v. Magee*, 333 F. Supp. 3d 475, 481 (E.D. Pa. 2018).

Sovereign immunity is an affirmative defense, meaning Trooper Snyder bears the burden of proving its applicability. *Justice v. Lombardo*, 208 A.3d 1057,

1068 (Pa. 2019); *Precision Mktg., Inc. v. Commonwealth of Pa., Republican Caucus of the Senate of PA/AKA Senate of PA Republican Caucus*, 78 A.3d 667, 670 n.6 (Pa. Commw. Ct. 2013). Trooper Snyder claims that sovereign immunity applies here because Bair's claims involve none of the ten § 8522(b) acts. (Doc. 14, pp. 3–4.) Bair does not dispute the inapplicability of § 8522(b), but insists that whether Trooper Snyder acted within the scope of his duties is a disputed fact that cannot be resolved on a motion to dismiss. (Doc. 18, pp. 5–8.) The court agrees with Bair.

Whether Trooper Snyder "acted within the scope of [his] employment" when he allegedly assaulted Bair "is a question of state law." *Sarin*, 333 F. Supp. 3d at 481. Pennsylvania courts have adopted the Restatement (Second) of Agency's approach to analyzing this issue. *Justice*, 208 A.3d at 1068. Therefore, whether Trooper Sndyer was acting within the scope of his duties depends on whether his conduct: (1) was "of the kind he is employed to perform"; (2) "occur[ed] substantially within the authorized time and space limits"; (3) was "actuated, at least in part, by a purpose to serve the master"; and (4) "the use of force [was] not unexpected by the master." Restatement (Second) of Agency § 228(1) (Am. Law. Inst. 1958); *accord Deforte v. Borough of Worthington*, 364 F. Supp. 3d 458, 487 (W.D. Pa. 2019), *aff'd*, 844 F. App'x 511 (3d Cir. 2021).

Clearly, this analysis is fact-intensive. The only way the court could conclude, as a matter of law, that Trooper Snyder acted within the scope of his duties would be if it were facially obvious from the complaint. *See Hemostemix Inc. v. Accudata Sols., Inc.*, No. 20-cv-881, 2022 WL 609106, at *3 (D. Del. Feb. 28, 2022) (quoting *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 n.10) (3d Cir. 1978)) ("[A]n affirmative defense may be raised on a 12(b)(6) motion if the predicate establishing the defense is apparent from the face of the complaint."). The complaint does not make it apparent to the court that Trooper Snyder was acting within the scope of his duties based on the conduct he is alleged to have committed.

Ultimately, "courts rarely consider affirmative defenses on motions to dismiss." *Clean Air Council v. U.S. Steel Corp.*, 4 F.4th 204, 211 (3d Cir. 2021). This case presents no reason to depart from that ordinary rule. Trooper Snyder, in the end, might be able to invoke sovereign immunity as a defense; but such is a question for another day, because he cannot establish that defense on his motion to dismiss. Therefore, the court will not dismiss Bair's state-law claims.

## CONCLUSION

For the reasons stated herein, Trooper Snyder's motion to dismiss will be denied. An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 20, 2026