IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSH BAIR, | : | No. 1:26-CV-102 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Wilson |
| | : | |
| JESSE SNYDER, ET AL., | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | Electronically Filed Document |
| Defendants. | : | *Complaint Filed 1/16/2026* |

**DEFENDANT SNYDER'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT (DOC. 1)**

Defendant Trooper J. Snyder, through counsel, hereby files this Answer and Affirmative Defenses to the Complaint, (Doc. 1), and avers as follows.

**PARTIES[1]**

1. It is ADMITTED only that as of January 18, 2024, to Defendant Snyder's knowledge, Plaintiff's home address was in Millersburg, Pennsylvania. Any other factual averment made is DENIED.

2. It is ADMITTED only that Defendant Snyder was at all relevant times employed by the Pennsylvania State Police as a Trooper and he is named as a

[1] Defendant utilizes the Plaintiff's organizational headings within the Complaint for the convenience and comprehension of the reader only and does not make any factual admission in so doing herein; to the extent a response is required, DENIED.

Defendant in this action. Any other averment made is DENIED. All legal conclusions asserted are DENIED.

3. This paragraph refers to individuals who have not been identified and who are not answering Defendant; as such, no response is required. To the extent a response is required, DENIED.

## JURISDICTION

4. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

## FACTS

5. It is ADMITTED only that on or about January 18, 2024, a fire broke out in a retail store at 801 State Street within Millersburg, Boro, Dauphin County, Pennsylvania. Any other averments made are DENIED.

6. Defendant is without personal knowledge or information as to whether or not Plaintiff attempted to assist his neighbor. As such, all averments made are DENIED.

7. Defendant is without personal knowledge or information as to whether Plaintiff believed he complied with fire fighters' instructions. By way of further response, Defendant J. Snyder maintains that it was reported to him that Plaintiff fought with firefighters and disregarded orders and J. Snyder witnessed

Plaintiff improperly attempting to regain access to the building which had been reported as the location of an active fire. As such, any averment made is DENIED.

8. Defendant cannot answer on behalf of John Doe Defendants. By way of further response, DENIED.

9. Defendant cannot answer on behalf of John Doe Defendants. DENIED. By way of further response, this paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

10. Defendant cannot answer on behalf of John Doe Defendants. DENIED. By way of further response, this paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

11. Defendant is without personal knowledge or information regarding Plaintiff's alleged injuries. As such, all averments made are DENIED. Further, strict proof of all alleged injuries will be made upon time of trial.

12. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

13. DENIED. Further, this paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

14. DENIED. On current information and belief, all charges were bound over to the Dauphin County Court of Common Pleas on January 31, 2024.

15. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED. Strict proof of all alleged injuries will be made upon time of trial.

16. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED. Strict proof of all alleged injuries will be made upon time of trial.

17. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED. Strict proof of all alleged injuries will be made upon time of trial.

18. This paragraph contains conclusions of law to which no response is required. To the extent any response is required, all averments made are DENIED. Strict proof of the same will be demanded at time of trial.

## COUNT ONE

19. This paragraph contains a summary of allegations within the Complaint to which no response is required. To the extent any response is required, all averments made are DENIED. Defendant hereby incorporates all prior responses and DENIALS as if set forth at length herein.

20. This paragraph contains requests for relief and conclusions of law to which no response is required; to the extent a response is required, DENIED.

21. This paragraph contains conclusions of law to which no response is required. To the extent any response is required, all averments made are DENIED. Strict proof of the same will be demanded at time of trial.

22. This paragraph contains conclusions of law and requests for relief to which no response is required. To the extent any response is required, all averments made are DENIED. Strict proof of the same will be demanded at time of trial.

This is a WHEREFORE clause to which no response is required; to the extent a response is required, DENIED.

## COUNT TWO

23. This paragraph contains a summary of allegations within the Complaint to which no response is required. To the extent any response is required, all averments made are DENIED. Defendant hereby incorporates all prior responses and DENIALS as if set forth at length herein.

24. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

25. Defendant is without personal knowledge or information as to Plaintiff's alleged injuries or suffering. As such, any other averment made is

DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

26. This paragraph contains conclusions of law and requests for relief to which no response is required; to the extent a response is required, DENIED. Strict proof of the same will be demanded at time of trial.

This is a WHEREFORE clause to which no response is required; to the extent a response is required, DENIED.

## COUNT THREE

27. This paragraph contains a summary of allegations within the Complaint to which no response is required. To the extent any response is required, all averments made are DENIED. Defendant hereby incorporates all prior responses and DENIALS as if set forth at length herein.

28. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

29. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

30. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

31. Defendant is without personal knowledge or information as to Plaintiff's alleged damages. As such, any other averment made is DENIED. This paragraph contains conclusions of and requests for relief to which no response is required; to the extent a response is required, DENIED. Strict proof of the same will be demanded at time of trial.

32. This paragraph contains conclusions of and requests for relief to which no response is required; to the extent a response is required, DENIED. Strict proof of the same will be demanded at time of trial.

This is a WHEREFORE clause to which no response is required; to the extent a response is required, DENIED.

AFFIRMATIVE DEFENSES

In addition to the responses and DENIALS asserted above, Defendant asserts the following Affirmative Defenses.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state any claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Defendant is immune from liability by virtue of absolute, qualified, official governmental, state sovereign, and/or any other immunity.

THIRD AFFIRMATIVE DEFENSE

At no time has Defendant, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges, or immunities secured by him to the Constitution or laws of the United States.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff may not be entitled to some or all of the damages and other types of relief he seeks.

FIFTH AFFIRMATIVE DEFENSE

Defendant did not act with deliberate, intentional, or reckless indifference toward Plaintiff.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by res judicata or collateral estoppel.

SEVENTH AFFIRMATIVE DEFENSE

Defendant may not be personally involved in the claims alleged.

EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's factual or legal claims may be barred by *Heck v. Humphrey*.

NINTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate the damages he seeks in this case.

TENTH AFFIRMATIVE DEFENSE

Plaintiff may have assumed the risk, was contributorily negligent, or otherwise caused the events and/or injuries/damages he complains of in this litigation.

Defendant further asserts and preserves his right to a jury trial in the above-captioned litigation.

Defendant preserves his right to seek the recovery of attorneys' fees and costs at the conclusion of this case in accordance with applicable federal and/or state law.

Defendant reserves the right to assert additional Affirmative Defenses, as appropriate, that become available during the pendency of this litigation.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By: *s/ Mary Katherine Yarish*
MARY KATHERINE YARISH
Deputy Attorney General
Attorney ID PA #328843

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Defendant J. Snyder*

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 783-6315

myarish@attorneygeneral.gov

Date: September 3, 2026

CERTIFICATE OF SERVICE

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on September 3, 2026, I caused to be served a true and correct copy of the foregoing document titled *Defendant Snyder's Answer and Affirmative Defenses to the Complaint (Doc. 1)* to the following:

VIA ECF

James A. Wells, Esquire
Gay, Chacker, & Ginsburg, P.C.
1731 Spring Garden Street
Philadelphia, PA 19130
james@gayandchacker.com

*Counsel for Plaintiff*

*s/ Mary Katherine Yarish*
MARY KATHERINE YARISH
Deputy Attorney General